UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS PENSION
TRUST FUND OF LOCAL #58, IBEW,
et al.,

    Plaintiffs,

vs.	Case No. 11-15459

ALPHA ELECTRIC & ENGINEERING, LLC,	HON. AVERN COHN
and GREGORY F. ALEXANDER,

    Defendants.
_____/

**ORDER
GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
LIABILITY ONLY ON COUNTS III, IV, and V (Doc. 16)
AND
DIRECTING THAT THE ISSUE OF DAMAGES ON THESE COUNTS BE REFERRED
TO A MAGISTRATE JUDGE**

    This is a labor case. Plaintiffs Electrical Workers Pension Trust Fund of Local Union # 58, et al[1] sued defendants Alpha Electric & Engineering, LLC (AEE) and

---

[1] Plaintiffs consist of various employee benefit trust funds as follows: the Electrical Workers Pension Trust Fund of Local Union #58, IBEW, the Electrical Workers' Joint Board of Trustees Vacation Fund, the Electrical Workers' Insurance Fund, the Supplemental Unemployment Benefit Fund of the Electrical Industry, Detroit, Michigan, the IBEW Local No. 58 Annuity Fund, the Joint Apprenticeship Training Trust Fund, the Southeastern Michigan Contract Administration Fund, the Southeastern Michigan Labor-Management Cooperation Trust Fund, the National Labor-Management Cooperation Committee (in connection with Local Union #58), and the National Electrical Benefit Fund (in connection with Local Union #58), all of which are known as Electrical Workers' Fringe Benefit Funds of Local Union No. 58 or "**58 Funds**"; the National Electrical Benefit Fund and the National Electrical Annuity Fund, both in connection with Local Union #17, IBEW, jointly referred to as the "**National Funds**"; and the Michigan Electrical Employees' Pension Fund, the Michigan Electrical Employees Health Plan, the Flint Electrical Joint Apprenticeship and Training Committee Trust, the Flint Labor-Management Cooperation Fund, the IBEW Local No. 948, the Administration Maintenance Fund (in connection with Local Union #948), the National

Gregory Alexander (Alexander) in a six count complaint, as follows:

    Count I        Breach of collective bargaining agreement - Local 58

    Count II       Breach of collective bargaining agreement - Local 17

    Count III      Breach of contract - 58 Funds

    Count IV      Breach of contract - National Funds

    Count V       Breach of contract - 948 Funds

    Count VI      Breach of Guaranty (against Alexander)

Plaintiffs' filed a motion for partial summary judgment on Counts III, IV, and V of the complaint, all of which allege breach of a settlement agreement between the parties regarding AEE's obligation to make fringe benefit contributions to the associated funds.[2]

The Court held a hearing on plaintiff's motion on June 20, 2012 at which it directed plaintiffs to file a supplemental paper detailing, in tabular form, the amounts owed/paid for each of the funds at issue: the 58 Funds, National Funds, and the 948 Funds. Plaintiffs filed a supplemental paper. (Doc 23). AEE filed a response, essentially challenging the calculations and maintaining that it actually paid more than is due at this point to the funds. (Doc. 25).

---

Labor-Management Cooperation Committee (in connection with Local Union #948), the National Electrical Benefit Fund (in connection with Local Union #948), and National Electrical Annuity Fund (in connection with Local Union #948), all of which are known as Electrical Workers' Fringe Benefit Funds of Local No. 948, "**948 Funds**" or "MEEP Funds." For simplicity, they will be referred to jointly as "Plaintiffs" or, in three separate groups: the 58 Funds, the National Funds and the 948 Funds.

    [2]Plaintiffs also moved for partial summary judgment on Count IV, breach of guaranty, against Alexander. However, after the filing of plaintiffs' motion, plaintiffs and Alexander entered into a consent order which provides, among other things, that Alexander will be liable to the plaintiffs to the same extend Alpha is liable. See Doc. 22. Thus, it appears that Count IV is resolved in plaintiffs' favor and against Alexander.

Under these circumstances, and for the reasons stated on the record at the hearing on June 20, 2012, plaintiffs' motion for partial summary judgment is GRANTED as to liability only on Counts III, IV and V.  The issue of damages on these counts, if any, will be referred to a magistrate judge.  The Case Manager will enter a separate order of reference.  Counts I and II and continue.[3]

SO ORDERED.

_____

  S/Avern Cohn                              
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 12, 2012, by electronic and/or ordinary mail.

  s/Julie Owens                    
Case Manager, (313) 234-5160

---

[3] Plaintiffs shall advise the Court within ten (10) days as to what is left of Counts I and II in light of this order.